UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RAJ K. PATEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00044-LEW |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON PETITION FOR WRIT OF MANDAMUS

Plaintiff filed a petition for writ of mandamus and a motion to proceed without prepayment of fees and costs, which motion the Court granted. (Petition, ECF No. 1; Motion, ECF No. 2; Order, ECF No. 3.) In accordance with the statute governing actions proceeding without the prepayment of fees, a preliminary review of Plaintiff's petition is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the matter.

### BACKGROUND

Plaintiff, a resident of Indiana, has named the United States and various federal officials, including the President and Vice President, as defendants in this action in which he alleges Defendants agreed to protect him from assault but breached the agreement and "negligently, recklessly, or wantonly caused or allowed a thing to assault" him. (Petition, ¶¶ 12, 13.) Plaintiff also alleges he "is under stress technology that throws a 'punch' every second." (*Id*. ¶ 21.) Plaintiff does not appear to have any connection to Maine.

## DISCUSSION

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the

relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Plaintiff has been described as "a serial litigant who has filed a series of sprawling complaints in courts across the nation." *Patel v. United States*, No. 23cv21830 (EP) (MAH), 2023 WL 8447935, at *2 (D. N.J. Dec. 6, 2023) (citations and internal quotation marks omitted). Courts have "almost invariably" dismissed Plaintiff's claims "upon initial screening." *Id.* (collecting cases). In fact, after review of the same substantive claims that Plaintiff asserts in this case, one court recently concluded that "[Plaintiff's] claims are patently frivolous and fall within the class of clearly baseless claims that a district may dismiss as frivolous." *The Excellent the Excellent Raj K. Patel v. United States*, No. CV 23-94-H-BMM-KLD, 2024 WL 413860, at *2 (D. Mont. Feb. 4, 2024.) (citation and internal quotation marks omitted). The court's conclusion is sound and equally applicable here. Dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's petition in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

3

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of February, 2024.

4